

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00322-CR

_____

Ex parte William Lamar Smith

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. C-0012154

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

William Lamar Smith challenges the facial constitutionality of Texas Penal Code Section 46.04(a)—the statute criminalizing a felon's possession of a firearm. *See* Tex. Penal Code Ann. § 46.04(a). Smith sought pretrial habeas corpus relief on this basis, arguing that his pending charge for unlawful possession of a firearm amounts to an unconstitutional restraint on his Second Amendment right to keep and bear arms, *see* U.S. Const. amends. II, XIV, and pointing to *Bruen* and *Rahimi* for support. *See generally United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024); *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022); *see also Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (recognizing that "[p]retrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense"). The trial court denied relief, prompting Smith to file this appeal.

But while Smith's appeal was pending, we considered and rejected a substantially similar challenge to the felon-in-possession statute's facial constitutionality. *See Ex parte Huell*, No. 02-24-00315-CR, 2024 WL 5083192, at *1–3 (Tex. App.—Fort Worth Dec. 12, 2024, no pet. h.).[1] In *Huell*, we held that "Section 46.04 is not unconstitutional on its face," that "the Second Amendment does not

---

[1]As in *Huell*, Smith's habeas application stated that it was "brought pursuant to" both the federal constitution and the Texas Constitution, but the substance of his application focused on the federal constitution, and he did not argue that the Texas Constitution provided any greater protection. *See Huell*, 2024 WL 5083192, at *1 n.2; *see also* Tex. Const. art. I, § 23.

prohibit the government's restriction of firearm possession by convicted felons," and that *Bruen* and *Rahimi* did not change this.[2] *Id.* at *2–3 (recognizing that neither *Bruen* nor *Rahimi* "overrule[d] *Heller*'s statement that 'nothing in [that] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons'" (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 2816–17 (2008))); *see also Ex parte Strickland*, No. 12-24-00031-CR, 2024 WL 4471121, at *1–4 (Tex. App.—Tyler Oct. 9, 2024, pet. filed) (mem. op., not designated for publication) (discussing *Bruen* and *Rahimi*; concluding that *Bruen* analysis does not apply to felon-in-possession statute; and holding that, whether or not *Bruen* applies, Section 46.04 is constitutional on its face); *Swindle v. State*, No. 08-23-00057-CR, 2023 WL 7171472, at *2–5 (Tex. App.—El Paso Oct. 31, 2023, pet. ref'd) (mem. op., not designated for publication) (holding that Section 46.04(a) is constitutional on its face and clarifying that *Bruen* "left generally undisturbed the regulatory framework that keeps firearms out of the hands of dangerous felons").

---

[2]Like Huell, Smith targets the facial constitutionality of Subsection (a) of the felon-in-possession statute. *See Huell*, 2024 WL 5083192, at *1 n.1 (noting that Huell's challenge targeted Subsection (a) but no others). Subsection (a) prohibits "[a] person who has been convicted of a felony" from "possess[ing] a firearm . . . (1) after conviction and before the fifth anniversary of the person's release from confinement . . . [or] supervision . . . ; or (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives." Tex. Penal Code Ann. § 46.04(a). Huell was indicted under Subsection (a)(1), and Smith was indicted under Subsection (a)(2). *See Huell*, 2024 WL 5083192, at *1.

Smith's challenge to Section 46.04(a) is materially indistinguishable from that raised in *Huell*; in fact, a significant portion of Smith's habeas application is identical to Huell's.[3]  For the reasons explained in that case—as well as the binding precedent it reflects—we again hold that the felon-in-possession statute is not a facially unconstitutional violation of the Second Amendment.  *Huell*, 2024 WL 5083192, at *2–3.

We therefore affirm the trial court's order denying Smith's application for pretrial habeas corpus relief.  *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 2, 2025

---

[3]Smith's counsel also represented Huell.  *See id.*